# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| WAYNE BOUDREAUX | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-6759 |
| DEUTZ CORPORATION | SECTION: "C" (4) |

### ORDER AND REASONS[1]

This matter is before the Court on the issue of whether the claims filed by Wayne Boudreaux ("Boudreaux" or "Plaintiff"), against Twin Disc should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that "Plaintiff's Supplemental Complaint does not contain sufficient factual allegations, in disregard of the mandates of *Iqbal v. Ashcroft*, 129 S.Ct. 1937 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)." Rec. Doc. 20-2 at 1. Having reviewed the record, memoranda of counsel, and the law, the Court GRANTS Defendant Twin Disc's Motion to Dismiss Plaintiff's claims under Rule 12(b)(6) for the following reasons.

### I. FACTUAL BACKGROUND

On December 9, 2009, Plaintiff Boudreaux filed a Supplemental Complaint that intended to bring a product liability claim against Defendant Twin Disc. Rec. Doc. 50. Boudreaux argued that the product in question "was defective in design, composition, and for its intended use and as otherwise contemplated by the Louisiana Products Liability Act, causing Plaintiff's injuries, damages and losses and giving rise to this defendant's liability to the Plaintiff in amounts that are

---

[1]Francisco A. Besosa-Martinez, a third-year student at Tulane University Law School, assisted in the research and preparation of this opinion.

reasonable in the premises." Rec. Doc. 17 at 1. Moreover, Plaintiff asserted that "[t]he piece of equipment that failed to operate properly and caused a failure of the furnace and its component parts that resulted in an explosion of the furnace and connected parts was a clutch manufactured by defendant TWIN DISC, which clutch representatives of defendant TWIN DISC negligently advised the Plaintiff's employer, Honeywell Corporation, was adequate for its intended use." *Id.*

Defendant Twin Disc filed a Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(6) on January 11, 2010. Rec. Doc. 20-2. In its motion, Twin Disc alleges that Plaintiff's complaint does not contain sufficient factual allegations to survive scrutiny under *Iqbal* and *Twombly*. *Id.* Furthermore, it stated that "causes of action that have been disallowed by state law should be dismissed." *Id.* In response to Defendant's motion to dismiss, Boudreaux filed a Motion for Leave of Court in order to file a Second Supplemental and Amending Complaint in which he "withdraws any allegation of product liability against defendant TWIN DISC pursuant to the Louisiana Products Liability Act and any theories of recovery relating to a defective product, and instead alleging solely an action in negligence in connection with the actions and conduct defendant TWIN DISC, and not as a result of any alleged defective product." Rec. Doc. 23. Plaintiff's Motion for Leave of Court was denied on February 5, 2010 by Magistrate Judge Karen Wells Roby. Rec. Doc. 31.

**II.     LEGAL STANDARD AND ANALYSIS**

*1.      Applicable Law*

*        a. Standard of Review for a 12(b)(6) Motion*

The standard of review for a motion to dismiss a claim under 12(b)(6) was first articulated by the United States Supreme court in *Conley v. Gisbon*, 355 U.S. 41 (1957). In *Conley*, the Court stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45. The Court effectively abrogated *Conley* in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), saying that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citations omitted). Additionally, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Dismissal is not warranted by a judge's disbelief of a complaint's factual allegations or the appearance that recovery is remote or unlikely. *Id.* The Supreme Court further expounded on Twombly by explaining that a complaint must have sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1947 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Rule 12(b)(6) motions to dismiss are disfavored means of disposing of a case and should be denied unless the moving party can show, beyond a doubt, that the plaintiff cannot prove a plausible

set of facts in support of her claim which would entitle her to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).When considering a 12(b)(6) motion, a court must accept all of the plaintiff's factual allegations as true and resolve all ambiguities or doubts regarding the sufficiency of the complaint in the plaintiff's favor. *Fernandez-Montes v. Allied Pilots Ass'n.,* 987 F.2d 278, 184 (5th Cir.1993).

   *b. Louisiana Products Liability Act*

The Louisiana Products Liability Act ("LPLA") "establishes the exclusive theories of liability for manufacturers for damages caused by their products." La. Rev. Stat. Ann. § 9:2800.52. A plaintiff may not recover from a manufacturer for damages incurred by the use of a product based on any liability theory not set forth in the LPLA. *See id.* The LPLA provides that a manufacturer of a product is liable to a claimant for damage "proximately caused" by a characteristic of the product that rendered it "unreasonably dangerous" when the damage arose from a reasonably anticipated use of the product by the "claimant or another person or entity." *Id.* at § 9:2800.54A. A claimant may prove that the product was "unreasonably dangerous" only if it was unreasonably dangerous: (1) in construction or composition; (2) in design; (3) because of inadequate warning; or (4) because of nonconformity to an express warranty. *Id.* at § 2800.54(B)(1-4). Thus, the elements of a products liability cause of action under the LPLA are proof of the following: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that the characteristic made the product unreasonably dangerous in one of the four ways provided in the statute; and (4) that the claimant's damage arose from a

4

reasonably anticipated use of the product by the claimant or someone else. *Jefferson v. Lead Industries Associations, Inc.*, 106 F.3d 1245, 1251 (5th Cir. 1997);La. Rev. Stat. Ann. § 9:2800.54; *see generally,* J. Kennedy, *A Primer on the Louisiana Products Liability Act,* 49 La. L.Rev. 565 (1989) (hereafter "Kennedy").

Although the various ways of establishing that a product is unreasonably dangerous under LPLA are predicated on principles of strict liability, negligence, or warranty, these are no longer viable independent theory of recovery against a manufacturer. *Jefferson*, 106 F. 3d at 1251 (citing *Automatique New Orleans, Inc.* v. *U- Select-It, Inc.,* 1995 WL 491151 at *3 n. 2 (E.D.La. Aug.15, 1995) (no independent negligence claim); *Hopkins v. NCR Corp.,* 1994 WL 757510 at *1-2 (M.D.La. Nov.17, 1994) (strict liability under article 2317 not cognizable theory against manufacturer); Kennedy, *supra,* at 589-90). Furthermore, breach of implied warranty or redhibition is not available as a theory of recovery for personal injury, although a redhibition action is still viable against the manufacturer to recover pecuniary loss. *Jefferson*, 106 F.3d at 1251; Kennedy, *supra,* at 588.

2. *Analysis*

The Court holds that the Motion to Dismiss Plaintiff's claims against Defendant under Rule 12(b)(6) should be granted. First, the complaint filed by Plaintiff fails to state a cause of action that meets the *Iqbal* and *Twombly* standard. As stated in *Iqbal*, "(t)hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S.Ct. At 1949.

5

Plaintiff does not provide any factual allegations that would allow this court to reasonably infer that the Defendant is liable for the alleged misconduct. Plaintiff only identifies the product as a "clutch" and that the "product was defective in design, composition, and for its intended use." Rec. Doc. 50. Thus, Plaintiff's complaint does not contain any factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Further, the Fifth Circuit has made it clear that a plaintiff seeking to recover from a manufacturer for damages is limited exclusively to the theories articulated under the LPLA. *See Jefferson*, 106 F.3d 1250-51. As such, Plaintiff's allegations that Defendant "negligently advised the Plaintiff's employer, Honeywell Corporation, that the clutch was adequate for its intended use when those representatives knew or should have known that the particular clutch was inadequate and would likely fail as it did, which negligence caused the plaintiff's injuries, damages and losses," Rec. Doc. 50, must be dismissed because negligence and negligent misrepresentation are no longer viable independent theories against a manufacturer. *Jefferson*, 930 F.Supp. 241 (E.D. La. 1996) *affirmed*, 106 F.3d 1245 (5th Cir 1997).

### III. CONCLUSION

Accordingly,

Defendant TWIN DISC's Motion to Dismiss Plaintiff Wayne Boudreaux's claims under Rule 12(b)(6) (Rec. Doc. 20) is hereby **GRANTED**.

New Orleans, Louisiana, this 3rd day of May, 2010.

                                                          **HELEN G. BERRIGAN**
                                  **UNITED STATES DISTRICT JUDGE**