UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WAYNE BOUDREAUX                                         CIVIL ACTION

VERSUS                                                  NO. 09-6759

DEUTZ CORPORATION                                       SECTION: C (4)

ORDER

Before the Court is a Motion to Dismiss and/or Motion for Summary Judgment and a Motion for Rule 11 Sanctions, both by defendant Deutz Corporation ("Deutz"). (Rec. Docs. 41, 49). The motions are before the Court on the briefs without oral argument. Having considered the memoranda of parties and the relevant case law, the Court GRANTS the motion to dismiss and DENIES to motion for sanctions for the following reasons.

I. Law and Analysis

This case arises out of alleged injuries sustained by plaintiff Wayne Boudreaux ("Boudreaux") following an accident he sustained while employed at Honeywell, Inc. The plaintiff brings his claims under the Louisiana Products Liability Act ("LPLA"). (Rec. Doc. 1-2 at 1).

On June 4, 2010, Deutz filed the instant Motion to Dismiss and/or Motion for Summary Judgment. (Rec. Doc. 41). The motion asserts that Boudreaux has failed sufficiently plead his claim under the LPLA (Rec. Doc. 41-2 at 8-9) and has failed to link Deutz to the manufacture of the allegedly defective products. (Rec. Doc. 41-2 at 11-13). Boudreaux has not opposed the motion, arguing in his opposition to Deutz's motion for sanctions that although he "has sufficient evidence to keep Deutz in this action" he has "identified target defendants whose culpability is more direct and clear" and "keeping Deutz in may only serve to overcomplicate the accident and confuse the jury." (Rec. Doc. 53 at 2). He nonetheless asserts that he "cannot voluntarily

dismiss Deutz, because a voluntary dismissal would expose plaintiff to the very real risk that the remaining defendants would point the finger at Deutz (the 'empty chair') at trial." (Rec. Doc. 53 at 2).

In support of its Motion for Sanctions, Deutz argues that Boudreaux "failed to conduct a reasonable inquiry into the facts of this case" and "with no reasonable basis, refuses to dismiss Deutz." (Rec. Doc. 49-2 at 3).

Federal Rule of Civil Procedure 11 provides in relevant part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.
> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
> (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for

the motion.

In his defense, Boudreaux asserts that all of his claims were made in good faith, and that erroneous assessment of the evidence, ineptitude, or misguided legal research are insufficient to warrant sanctions. (Rec. Doc. 53 at 3). However, because an attorney's actions in the Rule 11 context are assessed under an objective standard of reasonableness, subjective good faith does not insulate a party from the imposition of sanctions. *Jenkins v. Methodist Hospital of Dallas, Inc.*, 478 F.3d 255, 264 (5th Cir. 2007).

Nonetheless, an attorney's obligations regarding a court filing attaches "as of the time that the document is signed." *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994). That evidence later disproves the assertions in a filing does make that filing appropriate grounds for Rule 11 sanctions. *Id.* at n.18.

In this case, Honeywell's incident report (Rec. Doc. 53-1) includes numerous references to the "diesel motor" or "diesel engine." On a schematic drawing of the accident site allegedly prepared by Honeywell, the word "Deutz" clearly labels the diesel motor. (Rec. Doc. 53-2 at 2-3). Indeed, Deutz admits in its brief that "it is possible that the backup Diesel Engine may have been manufactured by Deutz." (Rec. Doc. 49-2 at 3). Certainly at the time of filing this lawsuit, no violation of Rule 11 occurred. While Deutz claims that the subsequent accident report exonerates Deutz entirely, this Court does not find the plaintiff remiss in not relying on that report and dismissing Deutz to the potential detriment of his client's cause if facts developed at trial nonetheless indicated some liability to Deutz.

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss (Rec. Doc. 41) is GRANTED and Defendant's Motion for Rule 11 Sanctions is DENIED.

New Orleans, Louisiana, this 6th day of August, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE